UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
BARBARA SCHULTZ,

                         Plaintiff,

      -against-

MARTIN CHEN,

                        Defendant.
---------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT


Dated: New York, New York
       December 19, 2017


                                BARRY McTIERNAN & MOORE LLC
                                Attorneys for Plaintiff
                                BARBARA SCHULTZ
                                2 Rector Street – 14th Floor
                                New York, New York 10006
                                (212) 313-3600
                                Our File No.: PL 63383

## <u>TABLE OF CONTENTS</u>

**Page**

Preliminary Statement ...................................................................................................1

Statement of Facts.........................................................................................................1

Standard of Review........................................................................................................2

ARGUMENT

      PLAINTIFF BARBARA SCHULTZ IS ENTITLED
      TO SUMMARY JUDGMENT ON LIABILITY ...................................................3

CONCLUSION................................................................................................................6

## **TABLE OF AUTHORITIES**

**Cases**                                                                                  **Page(s)**

Abramowicz v. Roberto,
    220 A.D.2d 374, 631 N.Y.S2d 442 (2nd Dept. 1995)......................................4

Agramonte v. City of New York,
    288 A.D.2d 75, 76, 732 N.Y.S.2d 414 (1st Dept. 2001) ...........................4-5

Abramowicz v. Roberto,
    220 A.D.2d 374, 631 N.Y.S2d 442 (2nd Dept. 1995)......................................4

Bendik v. Dybowski,
    227 A.D.2d 228, 642 N.Y.S.2d 284 (1st Dept. 1996)......................................4

Brown v. Smalls,
    104 A.D.3d 459, 961 N.Y.S.2d 104 (1st Dept. 2013) ...............................4-5

Celotex Corp. v. Catrett,
    477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).......................2

De La Cruz v. Ock Wee Leong,
    16 A.D.3d 199, 791 N.Y.S.2d 101 (1st Dept. 2005) ................................4-5

Dicturel v. Dukureh,
    71 A.D.3d 558, 897 N.Y.S.2d 87 (1st Dept. 2010) ...................................4-5

Francisco v. Schoepfer,
    30 A.D.3d 275, 817 N.Y.S.2d 52 (1st Dept. 2006) ...................................4-5

Johnson v. Phillips,
    261 A.D.2d 269, 690 N.Y.S.2d 545 (1st Dept. 1999) ..............................4-5

Maisonet v. Roman,
    139 A.D.3d 121, 30 N.Y.S.3d 24 (1st Dept. 2016) ..................................3, 5

Major League Baseball Properties, Inc. v. Salvino, Inc.,
    542 F.3d 290, 309 (2d Cir. 2008) ...............................................................2

Matos v. Sanchez,
    147 A.D.3d 585, 47 N.Y.S.3d 307 (1st Dept. 2017) ................................4-5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S.574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).................................3

McDuffie v. Wilner,
      415 F.Supp.2d 412 (S.D.N.Y. 2006) ..........................................................4-5

Mitchell v. Gonzalez,
      269 A.D.2d 250, 703 N.Y.S.2d 124 (1st Dept. 2000) .............................3, 5

Normoyle v. NYCTA,
      181 A.D.2d 498, 581 N.Y.S.2d 28 (1st Dept. 1992)........................................4

Ortiz v. Rosner,
      817 F.Supp. 348 (S.D.N.Y. 1993) ...........................................................4-5

Polonia v. Dunphy,
      2012 WL 2376467 (S.D.N.Y. 2012)........................................................4-5

Rodriguez v. Budget Rent-A-Car Systems, Inc.,
      44 A.D.3d 216, 841 N.Y.S.2d 486 (1st Dept. 2007) ...............................3, 5

Salahuddin v. Goord,
      467 F.3d 263, 272-73 (2d Cir. 2006) ...........................................................2

Santos v. Booth,
      126 A.D.3d 506, 6 N.Y.S.3d 26 (1st Dept. 2015) ....................................4-5

Schwapp v. Town of Avon,
      118 F.3d 106 (2d Cir. 1997) ........................................................................3

Williams v. Kadri,
      112 A.D.3d 442, 976 N.Y.S.2d 460 (1st Dept. 2013) ...............................4-5

**Statutes**

Fed.R.Civ.P 56(c) .....................................................................................1-2

Fed.R.Civ.P 56(e) ........................................................................................3

Vehicle and Traffic Law § 1129(a) ..............................................................3, 5

## PRELIMINARY STATEMENT

Plaintiff BARBARA SCHULTZ submits this memorandum of law in support of her motion for summary judgment against defendant MARTIN CHEN, pursuant to Fed.R.Civ.P. 56(c), on the issue of liability.

This action seeks recovery for personal injuries sustained by plaintiff Barbara Schultz as the result of a December 4, 2016 motor vehicle accident that occurred on Central Park West between West 94th and West 95th Street in the State of New York, County of New York. While traveling southbound on Central Park West, defendant Martin Chen struck the vehicle in which Mrs. Schultz was a front seat passenger in the rear. At the time of the collision, the Schultz vehicle was stopped in front of 350 Central Park West.

As there are no issues of fact to place before the jury with respect to Mr. Chen's liability, Mrs. Schultz should be awarded summary judgment on the issue of liability.

## STATEMENT OF FACTS

Central Park West between West 94th Street and West 95th Street in New York County is a two-way road with two lanes for travel and a third lane for parking in both the northbound and southbound directions. (Rule 56.1 Statement, ¶ 3).

On December 4, 2016, plaintiff Barbara Schultz was a front seat passenger of a motor vehicle operated by her husband, K. Paul Schultz. (Rule 56.1 Statement, ¶ 4).

At approximately 5:00 p.m., Mr. Schultz stopped his vehicle in front of 350 Central Park West between West 94th Street and West 95th Street to drop Mrs. Schultz off at a relative's apartment. Once Mrs. Schultz had departed the vehicle, Mr. Schultz intended to park the car in either an open spot on a side street or in a parking garage. (Rule 56.1 Statement, ¶ 5).

In light of the fact that there were vehicles in the southbound parking lane in front of 350 Central Park West, Mr. Schultz stopped his vehicle in the rightmost lane for southbound travel. (Rule 56.1 Statement, ¶ 6). As he approached the building, Mr. Schultz activated the vehicle's blinking rear lights. (Rule 56.1 Statement, ¶ 7). Mr. Schultz brought the vehicle to a stop in front of 350 Central Park West and did not turn off the blinking rear lights. (Rule 56.1 Statement, ¶ 8). Over the next minute or two, Mr. and Mrs. Schultz had a discussion concerning packages they had brought to their relative. (Rule 56.1 Statement, ¶ 9). During this period of time, the Schultz vehicle remained stopped in the rightmost lane of Central Park West. (Rule 56.1 Statement, ¶ 9).

While the Schultz vehicle was stopped in traffic with the rear blinkers activated, it was struck in the rear by the motor vehicle bearing license plate number GBV6989, New York owned and operated by defendant Martin Chen. (Rule 56.1 Statement, ¶ 10-12).

## STANDARD OF REVIEW

Summary judgment is warranted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence that no genuine issue of material fact exists. Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008). Only after the moving party has met this burden is the non-moving party required to produce evidence demonstrating that genuine issues of material fact exist. Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006). The nonmoving party must do more than "rest upon the mere allegations . . . of the [plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the

2

material facts." Fed.R.Civ.P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475

U.S.574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, a dispute regarding a material fact is

genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party. In determining whether a genuine issue of material fact exists, the Court must resolve all

ambiguities and draw all reasonable inferences against the moving party. <u>Schwapp v. Town of

Avon</u>, 118 F.3d 106 (2d Cir. 1997).

Herein, as there are no material issues of fact to present to a jury as to Mr. Chen's

liability for negligence in the operation of a motor vehicle, this Court should grant summary

judgment to Mrs. Schultz against Mr. Chen.

## ARGUMENT

### PLAINTIFF BARBARA SCHULTZ IS ENTITLED TO SUMMARY JUDGMENT ON LIABILITY

§ 1129(a) of the Vehicle and Traffic Law which states:

> <u>Following too closely</u>. The driver of a motor vehicle shall not
> follow another vehicle more closely than is reasonable and
> prudent, having due regard for the speed of such vehicles and the
> traffic upon and the condition of the highway.

Pursuant to VTL §1129(a), a driver is expected to drive at a sufficiently safe speed and to

maintain enough distance between himself and cars ahead of him so as to avoid collisions with

stopped vehicles, taking into account the weather and road conditions. Failure to abide by this

statute constitutes negligence as a matter of law. <u>Maisonet v. Roman</u>, 139 A.D.3d 121, 30

N.Y.S.3d 24 (1st Dept. 2016); <u>Rodriguez v. Budget Rent-A-Car Systems, Inc.</u>, 44 A.D.3d 216,

841 N.Y.S.2d 486 (1st Dept. 2007); <u>Mitchell v. Gonzalez</u>, 269 A.D.2d 250, 703 N.Y.S.2d 124 (1st

Dept. 2000).

3

Moreover, as a matter of common law, it is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent, thus entitling the occupants of the front vehicle to summary judgment on liability unless the driver of the moving vehicle can proffer a non-negligent explanation for the collision. Polonia v. Dunphy, 2012 WL 2376467 (S.D.N.Y. 2012); McDuffie v. Wilner, 415 F.Supp.2d 412 (S.D.N.Y. 2006); Ortiz v. Rosner, 817 F.Supp. 348 (S.D.N.Y. 1993); Matos v. Sanchez, 147 A.D.3d 585, 47 N.Y.S.3d 307 (1st Dept. 2017); Santos v. Booth, 126 A.D.3d 506, 6 N.Y.S.3d 26 (1st Dept. 2015); Williams v. Kadri, 112 A.D.3d 442, 976 N.Y.S.2d 460 (1st Dept. 2013); Brown v. Smalls, 104 A.D.3d 459, 961 N.Y.S.2d 104 (1st Dept. 2013); Dicturel v. Dukureh, 71 A.D.3d 558, 897 N.Y.S.2d 87 (1st Dept. 2010); Francisco v. Schoepfer, 30 A.D.3d 275, 817 N.Y.S.2d 52 (1st Dept. 2006); De La Cruz v. Ock Wee Leong, 16 A.D.3d 199, 791 N.Y.S.2d 101 (1st Dept. 2005); Agramonte v. City of New York, 288 A.D.2d 75, 76, 732 N.Y.S.2d 414 (1st Dept. 2001); Johnson v. Phillips, 261 A.D.2d 269, 690 N.Y.S.2d 545 (1st Dept. 1999).

The affidavits of Mrs. Schultz and her husband setting forth the facts of the rear-end collision that occurred on Central Park West clearly establish plaintiff's *prima facie* case against Mr. Chen entitling her to summary judgment on the issue of liability.

Because plaintiff herein has established his right to summary judgment, the burden shifts to the defendant who must proffer evidence in admissible form establishing that an issue of material fact exists warranting a trial. Bendik v. Dybowski, 227 A.D.2d 228, 642 N.Y.S.2d 284 (1st Dept. 1996). To meet his burden defendant must establish that the accident was unforeseeable and the unavoidable result of an emergency situation beyond the control of the defendant. Normoyle v. NYCTA, 181 A.D.2d 498, 581 N.Y.S.2d 28 (1st Dept. 1992); Abramowicz v. Roberto, 220 A.D.2d 374, 631 N.Y.S2d 442 (2nd Dept. 1995).

4

In the instant matter, defendant cannot rebut plaintiff's *prima facie* case that the accident occurred as the result of Mr. Chen inexcusably striking her vehicle in the rear. Defendant's failure to maintain a safe distance behind plaintiff's vehicle and his inattention to the open and obvious stopped vehicle in front of him created a dangerous situation of defendant's own making. No evidence exists to support the proposition that the accident was unforeseeable or that defendant could not have prevented it from occurring by driving at an appropriate speed, paying greater attention to the road in front of him and/or maintaining a greater and safer distance between his vehicle and the Schultzes vehicle.

The essential facts proving Mr. Chen's liability have been established by competent and admissible proof. Plaintiff's proof that the defendant rear-ended the vehicle in which she was a passenger while she and her husband were stopped outside their relative's apartment building makes out her *prima facie* case of liability against Mr. Chen and meets her burden for summary judgment. Polonia, supra; Ortiz, supra; Matos, supra; Santos, supra; Williams, supra; Brown, supra; Dicturel, supra;; Francisco, supra; De La Cruz, supra; Agramonte, supra; Johnson, supra. As a matter of law, defendant is liable to plaintiff for his failure to maintain a safe distance behind plaintiff's vehicle. VTL §1129(a); Maisonet, supra; Rodriguez, supra; Mitchell, supra.

Accordingly, summary judgment on the issue of liability should be awarded to plaintiff with discovery to proceed on the issue of damages.

5

**CONCLUSION**

Based on the foregoing, this Court should grant plaintiff Barbara Schultz' motion for summary judgment against defendant Martin Chen on the issue of liability.

Dated: New York, New York
       December 19, 2017

DAVID H. SCHULTZ (DS 1365)