UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
BARBARA SCHULTZ,

                               Plaintiff,

      -against-

MARTIN CHEN,

                               Defendant.

-----------------------------------------X


## REPLY MEMORANDUM OF LAW


Dated: New York, New York
      February 9, 2018


                                       BARRY McTIERNAN & MOORE LLC
                                       Attorneys for Plaintiff
                                       BARBARA SCHULTZ
                                       2 Rector Street – 14th Floor
                                       101 Greenwich Street
                                       New York, New York 10006
                                       (212) 313-3600
                                       Our File No.: PL 63383

# TABLE OF CONTENTS

Page

Preliminary Statement ......................................................................................................1

REPLY POINT I

    DEFENDANT FAILS TO COMPLY WITH
    LOCAL RULE 56.1(C) ...........................................................................................1

REPLY POINT II

    THE MOTION IS NOT PREMATURE............................................................2

REPLY POINT III

    DEFENDANT HAS NOT DEMONSTRATED THE
    EXISTENCE OF A GENUINE ISSUE OF
    MATERIAL FACT ...................................................................................................3

CONCLUSION...........................................................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

Bendik v. Dybowski,
    227 A.D.2d 228, 642 N.Y.S.2d 284 (1st Dept. 1996) .................................... 4

Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,
    769 F.2d 919 (2d Cir. 1985) ................................................................ 2-3

Cervera v. Moran,
    122 A.D.3d 482, 997 N.Y.S.2d 39 (1st Dept. 2014) ................................... 4

Continental Casualty Co. v. Marshall Granger & Co. LLP,
    921 F.Supp.2d 111 (S.D.N.Y. 2013) ...................................................... 2-3

DeAngelis v. Kirschner,
    171 A.D.2d 593, 567 N.Y.S.2d 457 (1st Dept. 1991) ................................ 4

Giannullo v. City of New York,
    322 F.3d 139 (2d Cir. 2003) ................................................................ 1

Holtz v. Rockefeller & Co., Inc.,
    258 F.3d 62 (2d Cir. 2001) ................................................................. 1

Lunts v. Rochester City School Dist.,
    515 Fed.Appx. 11 (2d Cir. 2013) .......................................................... 2-3

Matos v. Sanchez,
    147 A.D.3d 585, 47 N.Y.S.3d 307 (1st Dept. 2017) ................................. 3

McDuffie v. Wilner,
    415 F.Supp.2d 412 (S.D.N.Y. 2006) ...................................................... 3

Meloff v. N.Y. Life Ins. Co.,
    51 F.3d 372 (2d Cir. 1995) ................................................................. 2

Normoyle v. NYCTA,
    181 A.D.2d 498, 581 N.Y.S.2d 28 (1st Dept. 1992) ................................. 3

Ortiz v. Rosner,
    817 F.Supp. 348 (S.D.N.Y. 1993) ........................................................ 3

Paddington Partners v. Bouchard,
    34 F.3d 1132 (2d Cir. 1994) ............................................................... 2-3

Polonia v. Dunphy,
  2012 WL 2376467 (S.D.N.Y. 2012)................................................3

Santos v. Booth,
  126 A.D.3d 506, 6 N.Y.S.3d 26 (1st Dept. 2015) ..........................3

Schwapp v. Town of Avon,
  118 F.3d 106 (2d Cir. 1997) ...........................................................4

Seneca Beverage Corp. v. Healthnow N.Y., Inc.,
  200 Fed.Appx. 35 (2d Cir. 2006)....................................................3

Sheehan v. City of New York,
  40 N.Y.2d 496, 387 N.Y.S.2d 92 (1976)........................................4

White v. Diaz,
  49 A.D.3d 134, 854 N.Y.S.2d 106 (1st Dept. 2008) ....................4-5

## Statutes

Fed.R.Civ.P. 56(c) .........................................................................1

Fed.R.Civ.P. Local Rule 56.1(c)....................................................1

Fed.R.Civ.P. 56(d) .........................................................................2

Fed.R.Civ.P. 56(f)..........................................................................2

## PRELIMINARY STATEMENT

Plaintiff BARBARA SCHULTZ submits this memorandum of law in reply to the arguments raised in Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Summary Judgment and in further support of her motion, pursuant to Fed.R.Civ.P. 56(c), for summary judgment against defendant MARTIN CHEN on the issue of liability.

## REPLY POINT I

## DEFENDANT FAILS TO COMPLY WITH LOCAL RULE 56.1(c)

Rule 56.1(c) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1(c)") states:

> [e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

Herein, defendant has failed to submit a statement in response to plaintiff's Statement Pursuant To Rule 56.1(a) Statement ("Rule 56.1 Statement") or otherwise comply with Local Rule 56.1(c). Consequently, by the plain meaning of Local Rule 56.1(c), the facts set forth in plaintiff's Rule 56.1 Statement are deemed admitted and this Court must accept as true the factual statements set forth therein. Giannullo v. City of New York, 322 F.3d 139 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62 (2d Cir. 2001).

In the absence of a statement that complies with Local Rule 56.1, plaintiff's factual allegations are deemed admitted by defendant, thus removing any triable issues of fact from this case. In light of the fact that plaintiff satisfied its burden of proof, her motion for summary judgment and dismissal of the complaint should be granted in all respects.

1

## REPLY POINT II

## THIS MOTION IS NOT PREMATURE

Fed.R.Civ.P. 56(d)[1] gives a court the discretion to deny or defer an otherwise meritorious

motion for summary judgment to permit further discovery when the non-movant "shows by

affidavit that, for specified reasons, it cannot present facts essential to justify its opposition" to

the motion. Fed.R.Civ.P. 56(d); Continental Casualty Co. v. Marshall Granger & Co, LLP, 921

F.Supp.2d 111 (S.D.N.Y. 2013). The affidavit contemplated by the rule must not simply state in

a conclusory manner that discovery is outstanding. Rather, it must lay out the facts that cannot be

presented because they are not within the non-movant's possession and how those facts are

reasonably expected to create an issue of fact. Lunts v. Rochester City School Dist., 515

Fed.Appx. 11 (2d Cir. 2013); Meloff v. N.Y. Life Ins. Co., 51 F.3d 372 (2d Cir. 1995);

Continental Casualty Co., supra.

The failure to provide or file a Rule 56(d) affidavit sufficiently explaining the need for

additional discovery, in and of itself, constitutes proper grounds to reject any claim that the

opportunity for discovery was inadequate. Lunts, supra; Paddington Partners v. Bouchard, 34

F.3d 1132 (2d Cir. 1994); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769

F.2d 919 (2d Cir. 1985). Referring to the need for discovery in a memorandum of law in

opposition to a summary judgment motion is not a substitute for a Rule 56(d) affidavit.

Paddington Partners, supra; Burlington Coat Factory, supra.

Herein, defendant has failed to demonstrate that plaintiff's motion is premature as he

does not present this court with an affidavit that satisfies the requirements of Rule 56(d). Lunts,

---

[1] In his memorandum of law, defendant makes reference to Rule 56(f), which did not survive the 2010 amendment to the Federal Rules of Civil Procedure. Although worded differently, its spirit is carried forward in the current iteration of Rule 56(d).

supra; Paddington Partners, supra; Burlington Coat Factory, supra. Notwithstanding the absence of the necessary affidavit, in his memorandum of law, Mr. Chen does not identify any potentially discoverable evidence he expects to obtain from plaintiff or her husband or explain how that evidence would permit him to successfully oppose this motion. Rather, he impermissibly offers the conclusory pronouncement that discovery is necessary. Lunts, supra; Seneca Beverage Corp. v. Healthnow N.Y., Inc., 200 Fed.Appx. 35 (2d Cir. 2006).

Accordingly, no grounds exist to deny plaintiff's motion on the grounds that it is premature. Lunts, supra; Paddington Partners, supra; Burlington Coat Factory, supra; Continental Casualty Co., supra.

## REPLY POINT III

## DEFENDANT HAS NOT DEMONSTRATED THE EXISTENCE OF A GENUINE ISSUE OF MATERIAL FACT

As argued more fully in plaintiff's original memorandum of law, it is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent, thus entitling the occupants of the front vehicle to summary judgment on liability unless the driver of the moving vehicle can proffer a non-negligent explanation for the collision. Polonia v. Dunphy, 2012 WL 2376467 (S.D.N.Y. 2012); McDuffie v. Wilner, 415 F.Supp.2d 412 (S.D.N.Y. 2006); Ortiz v. Rosner, 817 F.Supp. 348 (S.D.N.Y. 1993); Matos v. Sanchez, 147 A.D.3d 585, 47 N.Y.S.3d 307 (1st Dept. 2017); Santos v. Booth, 126 A.D.3d 506, 6 N.Y.S.3d 26 (1st Dept. 2015). Mr. Chen admits that he rear ended the stopped vehicle in which Mrs. Schultz was a passenger. (Defendant's Rule 56.1 Statement, ¶ 6). Consequently, to meet his burden of proof and avoid summary judgment herein, Mr. Chen must establish that the December 4, 2016 accident was unforeseeable and the unavoidable result of an emergency situation beyond his control. Normoyle v. NYCTA, 181 A.D.2d 498, 581 N.Y.S.2d 28 (1st Dept. 1992).

As Mr. Chen cannot credibly deny that he struck the Schultzes vehicle in the rear, he attempts to manufacture an issue of fact by claiming that plaintiff's husband shares his liability by "double parking" his vehicle in the in the rightmost lane of Central Park West. (Rule 56.1 Statement, ¶ 9). In essence, Mr. Chen claims that it wasn't his fault that he struck the Schultz vehicle in the rear, it was Mr. Schultz' fault for placing the vehicle in front of him.

The fact that a vehicle is double parked[2] does not automatically establish that such double parking was the proximate cause of an accident. Cervera v. Moran, 122 A.D.3d 482, 997 N.Y.S.2d 39 (1st Dept. 2014); DeAngelis v. Kirschner, 171 A.D.2d 593, 567 N.Y.S.2d 457 (1st Dept. 1991). Rather, when a double parked vehicle simply furnishes the occasion for the accident to occur, it will not, as a matter of law, be a proximate cause of its occurrence. Sheehan v. City of New York, 40 N.Y.2d 496, 387 N.Y.S.2d 92 (1976); Cervera, supra.

Defendant places near exclusive reliance on White v. Diaz, 49 A.D.3d 134, 854 N.Y.S.2d 106 (1st Dept. 2008), a case in which an Access-A-Ride van was struck in the rear after it's driver chose to double park on a busy Manhattan street notwithstanding the existence of a nearby parking lot where its passenger could have been easily picked up. While ostensibly pertinent herein, other factors in White, supra, such as the amount of traffic on the street, the availability of a nearby parking lot and the length of time the vehicle remained double parked resulted in the denial of summary judgment to the rear-ended vehicle. The facts of White differ significantly from those presented herein.

Noticeably absent from Mr. Chen's affidavit, which is the sole evidence he presents to rebut plaintiff's *prima facie* case, is any testimony or assertion as to the traffic conditions on

---

[2] Under no circumstances does plaintiff concede that stopping a car to permit a passenger to safely disembark in front of the building of the elderly relative they are visiting constitutes "double parking." However, as the evidence must be looked at in the light most favorable to the non-movant, plaintiff will entertain the fact that the vehicle was "double parked." Schwapp v. Town of Avon, 118 F.3d 106 (2d Cir. 1997).

Central Park West, much less any such traffic condition being unreasonably affected by the presence of the Schultzes vehicle. Also missing from Mr. Chen's affidavit is any testimony or assertion that there was a separate or different place for Mr. Schultz to safely let off his wife at their relative's apartment. Finally, Mr. Chen's affidavit does not offer any evidence of anything that would have prevented Mr. Chen from seeing the Schultzes vehicle had he not been negligently operating his vehicle. Given the amount of time the Schultz vehicle had been stopped along the side of Central Park West, Mr. Chen cannot credibly state that it was anything but his inattention to the open and obvious stopped vehicle that proximately caused this accident.

Mr. Chen's own account of being unable to avoid striking a stopped vehicle in the rear fails to demonstrate that the accident was unforeseeable or unavoidable. Rather, it establishes that the accident could easily have been avoided had he been driving at an appropriate speed, paying greater attention to the road in front of him and/or maintaining a greater and safer distance between his vehicle and the one that allegedly changed lanes before he struck the Schultz vehicle.

Accordingly, summary judgment on the issue of liability should be awarded to plaintiff with discovery to proceed on the issue of damages.

## CONCLUSION

In light of the foregoing arguments and those raised in plaintiff's original memorandum of law, plaintiff respectfully requests that this Court grant her motion for summary judgment against defendant Martin Chen on the issue of liability.

Dated: New York, New York
      February 9, 2018

 

DAVID H. SCHULTZ (DS 1365)

5