UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
BARBARA SCHULTZ,

              Plaintiff,          17 Civ. 8917 (RWS)

   -against-                        OPINION

MARTIN CHEN,

              Defendant.
------------------------------------X

A P P E A R A N C E S:

       Attorneys for Plaintiff

       BARRY McTIERNAN & MOORE LLC
       2 Rector Street, 14th Floor
       101 Greenwich Street
       New York, New York 10006
       By:  David H. Schultz, Esq.


       Attorneys for Defendant

       DeCICCO, GIBBONS & McNAMARA, P.C.
       232 Madison Avenue, Suite 1409
       New York, New York 10016
       By:  William A. Fitzgerald, Esq.

**Sweet, D.J.**

Plaintiff Barbara Schultz ("Schultz" or the "Plaintiff") has moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment against Defendant Martin Chen ("Chen" or the "Defendant"). Plaintiff seeks recovery for personal injuries sustained as the result of a December 4, 2016 motor vehicle accident that occurred on Central Park West between West 94th Street and West 95th Street in New York City. Based on the facts and conclusions set forth below, Plaintiff's motion for summary judgment is granted.

## I. Prior Proceedings

Plaintiff filed the complaint (the "Complaint") on November 15, 2017 against Defendant, alleging claims of negligence as a matter of law in violation of Vehicle and Traffic Law § 1129(a), and as a matter of common law. (*See* Dkt. No. 1.) On December 19, 2017, Plaintiff moved for summary judgment. The instant motion was heard and marked fully submitted on February 15, 2018.

## II. The Facts

The facts have been set forth in Plaintiff's and Defendant's Statements Pursuant to Local Civil Rule 56.1(a), and are not in dispute except as noted below.

Defendant is the owner and operator of a 2013 Volkswagen bearing license plate number GBC6989 (the "Chen Vehicle"). (Chen Aff. ¶ 3[1].) On December 4, 2016, at dusk, the Chen Vehicle struck a motor vehicle operated by Plaintiff's husband (the "Schultz Vehicle"), of which Plaintiff was a front seat passenger. (See B. Schultz Aff. ¶ 4; P. Schultz Aff. ¶ 4; Chen Aff. ¶ 3.)

Prior to the accident, at approximately 5:00 p.m., Mr. Schultz had stopped the Schultz Vehicle in front of 350 Central Park West between West 94th Street and West 95th Street to drop Plaintiff off at a relative's apartment.[2] (See B. Schultz Aff. ¶ 2; P. Schultz Aff. ¶ 2.) Once Plaintiff left the vehicle, Mr.

---

[1] Citations to "B. Schultz Aff." refer to the affidavit of Plaintiff Barbara Schultz dated December 13, 2017, (Ex. C, Dkt. No. 7), citations to "P. Schultz Aff." refer to the affidavit of Plaintiff's husband, K. Paul Schultz, dated December 13, 2017, (Ex. D, Dkt. No. 7), and citations to "Chen Aff." refer to the affidavit of Defendant Chen, dated January 11, 2018, (Ex. A, Dkt. No. 14).
[2] Central Park West between West 94th Street and West 95th Street in New York City is a two-way road with two lanes for travel. (See B. Schultz Aff. ¶ 3; P. Schultz Aff. ¶ 3.) A third lane in each direction is dedicated exclusively to parking. (See P. Schultz Aff. ¶ 4; B. Schultz Aff. ¶ 4.)

3

Schultz intended to either park the car in an open spot on a side street or in a parking garage. (See B. Schultz Aff. ¶ 3; P. Schultz Aff. ¶ 3.) In light of the fact that there were vehicles in the southbound parking lane in front of 350 Central Park West, Mr. Schultz stopped the vehicle in the rightmost lane for southbound travel. (See B. Schultz Aff. ¶ 4; P. Schultz Aff. ¶ 4.)

Plaintiff alleges that Mr. Schultz activated the vehicle's blinking rear lights as he approached the building, and then brought the vehicle to a stop in front of 350 Central Park West. (See B. Schultz Aff. ¶ 5; P. Schultz Aff. ¶ 5.) Plaintiff further alleges that Mr. Schultz did not turn off the blinking rear lights. (See B. Schultz Aff. ¶ 6; P. Schultz Aff. ¶ 6.) Defendant contests that the Schultz Vehicle's lights were ever blinking. (Chen Aff. ¶ 5.) The Schultz Vehicle remained in this position for approximately one to two minutes while Mr. Schultz and the Plaintiff had a discussion concerning packages they had brought to a relative. (See B. Schultz Aff. ¶ 7; P. Schultz Aff. ¶ 7.)

Defendant was traveling at a speed of 20 to 25 miles per hour in the right lane of Central Park West when another car that was directly in front of Defendant's vehicle, not the

4

Schultz Vehicle, swerved suddenly into the left lane. (Chen Aff. ¶ 5.) Defendant applied his brakes immediately after observing the Schultz Vehicle, but was unable to stop his vehicle before it struck the rear bumper of the Schultz Vehicle. (Chen Aff. ¶ 6.) According to the Plaintiff, the Schultz Vehicle was stopped in traffic when it was struck in the rear by the Chen Vehicle. (*See* B. Schultz Aff. ¶ 8; P. Schultz Aff. ¶ 8.)

Plaintiff suffered physical injuries as a result of this collision. (*See id.*) After the incident, the police arrived at the scene. (*See* B. Schultz Aff. ¶ 9; P. Schultz Aff. ¶ 9.)

### III. The Applicable Standard

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. A

5

court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y.C. Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249). "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine issue of material fact*." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

## IV. **The Plaintiff's Motion for Summary Judgment is Granted**

Plaintiff alleges that Defendant acted negligently both because he violated Section 1129(a) of the Vehicle and Traffic Law, and because, as a matter of common law, it is well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent, and Defendant has not proffered a non-negligent explanation for the collision. Accordingly, and because there

6

are no material questions of fact, Plaintiff argues that summary judgment should be granted. Defendant argues that Plaintiff's motion is premature because he has yet to be afforded an opportunity to conduct discovery. Moreover, Defendant avers that pursuant to Vehicle and Traffic Law Section 1202, a driver who double parks bears responsibility for a collision arising from such a violation.

"It is well established law that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on part of the driver of the second vehicle." *Polonia v. Dunphy*, No. 11 Civ. 1563 (CM), 2012 WL 2376467, at *3 (S.D.N.Y. June 21, 2012). This presumption arises both from common law principles and from New York Vehicle and Traffic Law.[3] *Id.* Moreover, "[t]his rule applies even in situations when the front car has come to a stop after changing lanes." *Id.* (citing *Cohen v. Terranella*, 112 A.D.2d 264, 491 N.Y.S.2d 711 (2d Dep't 1985)). For rear-end collisions, "[a] defendant can overcome the presumption of negligence by providing a non-negligent explanation for the collision," see *Krynski v. Chase*, 707 F. Supp. 2d 318, 322 (E.D.N.Y. 2009), such as "mechanical failure,

---

[3] New York Vehicle and Traffic Law § 1129(a) provides that: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." N.Y. Veh. & Traf. Law § 1129 (McKinney).

7

unavoidable skidding on wet pavement, or a sudden stop of the vehicle ahead," *see Power v. Hupart*, 260 A.D.2d 458, 688 N.Y.S.2d 194, 195 (2d Dep't 1999); *see also Pomerantsev v. Kodinsky*, 156 A.D.3d 656, 657, 64 N.Y.S.3d 567 (2d Dep't 2017) (internal citation omitted) ("Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation."). However, "[i]f the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." *Barile v. Lazzarini*, 222 A.D.2d 635, 635, N.Y.S.2d 694 (2d Dep't 1995).

Because Defendant rear-ended the Schultz Vehicle, there is a rebuttable presumption that Defendant acted negligently. *See Polonia*, 2012 WL 2376467, at *3. This presumption may be overcome, but only by demonstrating a non-negligent reason for the collision. *See Kyrnski*, 707 F. Supp. 2d at 322. While there is no all-encompassing list of non-negligent justifications sufficient to overcome this presumption, Defendant has not provided such a non-negligent explanation for the accident.

Here, Defendant testifies that he was driving in the right lane of Central Park West when the vehicle directly in

front of his swerved suddenly into the left lane. (*See* Chen Aff. ¶ 5.) At that point, Defendant spotted the Schultz Vehicle double parked in the right lane, and was unable to stop before striking it. (*See id.* ¶ 6.)

In *Silberman v. Surrey Cadillac Limousine Service, Inc.*, 109 A.D.2d 833, 833, 486 N.Y.S.2d 357 (2d Dep't 1985), the Appellate Court affirmed the lower court's grant of summary judgment for the plaintiff because the only explanation the defendant driver provided for why he rear-ended the plaintiff was that the plaintiff's vehicle "stopped suddenly and without warning." The court held that the defendant was under a "duty to maintain a safe distance between the two vehicles (*see* Vehicle and Traffic Law § 1129(a)) and his failure to do so, in the absence of an adequate, non-negligent explanation, constituted negligence as a matter of law." *Id.*

Likewise, in *Rue v. Stokes*, 191 A.D.2d 245, 246, 594 N.Y.S.2d 749 (1st Dep't 1993), the court held that unrebutted sworn testimony that a vehicle had been at a complete stop for several seconds when it was struck in the rear by defendant's vehicle was sufficient as a matter of law to place sole responsibility for the accident on the defendant. Similarly, in *Johnson v. Phillips*, 261 A.D.2d 269, 272, 690 N.Y.S.2d 545 (1st

9

Dep't 1999), the court held that summary judgment for the plaintiff was proper where "the unrebutted evidence was that the car in which plaintiff was a passenger stopped for approximately five seconds before it was struck in the rear by defendant's vehicle."

The same reasoning applies to the present action. Although Defendant claims that the Schultz Vehicle was unlawfully stopped in the right lane, "summary judgment should still be granted because of [Defendant's] failure to maintain a safe distance between the two vehicles." *See Polonia*, 2012 WL 2376467, at *5. While Defendant argues that he cannot be in violation of Section 1129(a) because "at no time prior to the accident was the defendant 'following' the vehicle in which plaintiff was a passenger," this is a misguided reading of the statute. (*See* Def.'s Br. 3.) Rather, Section 1129(a) "imposes the duty to be aware of traffic conditions, including other vehicles suddenly stopping or slowing down." *Matias v. Grose*, 123 A.D.3d 485, 486, 999 N.Y.S.2d 14 (1st Dep't 2014) (citing N.Y. Veh. & Traf. Law § 1129).

Defendant avers that Section 1202(a) of the Vehicle and Traffic law raises a triable issue of fact as to whether the Schultz Vehicle was lawfully parked in front of 350 Central Park

10

West. (*See* Def.'s Br. 3-5.) Section 1202(a) provides, in relevant part, that "Except when necessary to avoid conflict with other traffic, or when in compliance with law . . . no person shall . . . [s]top, stand or park a vehicle . . . [o]n the roadway side of any vehicle stopped, standing or parked at the edge or curb of a street." N.Y. Veh. & Traf. Law § 1202(a). "It is well settled that owners of improperly parked vehicles may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular cases." *Boehm v. Telfer*, 250 A.D.2d 975, 976, 672 N.Y.S.2d 959 (3d Dep't 1998) (internal citation and alteration omitted).

Here, the parties do not contest that the Schultz Vehicle was stopped in traffic in front of 350 Central Park West. (*See* B. Schultz Aff. ¶¶ 4, 6, 8; P. Schultz Aff. ¶¶ 4, 6, 8; Chen Aff. ¶ 5.) Defendant has proffered no evidence supporting that the Schultz Vehicle was unlawfully or improperly stopped at 350 Central Park West. Accordingly, no triable issue of fact has been raised suggesting the Schultz Vehicle was unlawfully parked, so Section 1202(a) does not apply. *See also Silberman*, 109 A.D.2d 833, 833-34 (citing *Kiernan v. Edwards*, 97 A.D.2d 750, 468 N.Y.S.2d 381 (2d Dep't 1983)) ("Nor is the right

11

of an innocent passenger to summary judgment in any way
restricted by questions of comparative negligence which may
exist as between appellants and the driver of the vehicle in
front.").

Moreover, this situation is not one in which Defendant
may seek defense under the emergency doctrine. "The emergency
doctrine is an affirmative defense that can be used to cut off
liability for negligence." *Polonia*, 2012 WL 2376467, at *5. It
"recognizes that when an actor is faced with a sudden and
unexpected circumstance which leaves little or no time for
thought, deliberation or consideration . . . the action may not
be negligent if the actions taken are reasonable and prudent in
the emergency context." *Rivera v. New York City Transit Auth.*,
77 N.Y.2d 322, 327, 567 N.Y.S.2d 629 (2000). This doctrine
"applies only to circumstances when an actor is confronted by a
sudden and unforeseen occurrence not of the actor's own making."
*Jacobellis v. New York State Thruway Auth.*, 51 A.D.3d 976. 977
(2d Dep't 2008); *see also Ferrer v. Harris*, 55 N.Y.2d 285, 289-
90, 449 N.Y.S.2d 162 (1982) (holding that emergency doctrine
applied in the instance where a four-year old child ran in front
of Defendant's vehicle because a child darting out into the
middle of the street is not an ordinary occurrence that is to be
reasonably anticipated by a driver). However, the emergency

12

doctrine does not apply to situations like the one here where "the defendant driver should reasonably have anticipated and been prepared to deal with the situation with which he was confronted." *Muye v. Liben*, 282 A.D.2d 661, 662, 723 N.Y.S.2d 510 (2001) (alteration omitted); *see also Polonia*, 2012 WL 2376467, at *6 (noting that the emergency doctrine is inapplicable where the defendant "himself created the emergency situation by failing to maintain a reasonably safe rate of speed and control over his vehicle and his failure to fully pay attention to what was going on in his surroundings.").

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted.

It is so ordered.

**New York, NY**
**March 20, 2018**

_____
ROBERT W. SWEET
U.S.D.J.

13